ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AUTHORIZATION TO OBTAIN ) <br> LOCATION DATA CONCERNING A ) <br> CELLULAR TELEPHONE ASSIGNED ) <br> CALL NUMBER (XXX) XXX-XXXX ) | CASE NO. 1:11-mj-0127 KPF <br><br> **FILED** <br> MAR 10 2011 <br> **U.S. CLERK'S OFFICE <br> INDIANAPOLIS, INDIANA** |

**DOCUMENT FILED UNDER SEAL**

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN THE MATTER OF THE APPLICATION              )
OF THE UNITED STATES OF AMERICA               ) Case No. 1:11-mj-0127 KPF
FOR AUTHORIZATION TO OBTAIN                   )
LOCATION DATA CONCERNING A                    ) **UNDER SEAL**
CELLULAR TELEPHONE ASSIGNED                   )
CALL NUMBER (317) 418-0349                    )

## AFFIDAVIT AND APPLICATION

Aaron Barnum, a Task Force Officer with the Federal Bureau of Investigation (FBI) being duly sworn, deposes and states:

### INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Task Force Officer with the FBI since August 2008, and have been an officer with the Indianapolis Metropolitan Police Department since May 2003. In connection with my official FBI duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to Title 21, United States Code, Sections 841, 843, 846, and 848. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been involved in various types of electronic surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substance and of the laundering and concealing of proceeds from drug trafficking in violation of Title 18, U.S.C. § 1956. I

have received training in investigations involving transporting and distributing cocaine. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to their methods of importing and distributing controlled substances, their use of telephones, and their use of numerical codes and code words to conduct their transactions. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, the execution of search warrants, and undercover operations.

2.  I submit this Affidavit in support of an Application for an Order pursuant to Federal Rule of Criminal Procedure 41, and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the FBI to ascertain the physical location of the cellular telephone assigned call number (317) 418-0349, Electronic Serial Number 270113179403436633, subscribed to in the name of Terecia Hall, 5817 Oak Avenue, Indianapolis, IN (the "Target Cell Phone"). This Affiant also requests E-911 Phase II data (or other precise location information) concerning the Target Cell Phone (the "Requested Information"),[1] for a period of forty five days.

3.  I have learned of the investigation involving the Target Cell Phone from a Confidential Informant and other law enforcement officers. I am familiar with the facts and circumstances of the investigation through my discussions with the Confidential

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Cell Phone at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell site records under combined authority of 18 U.S.C. §§ 2703(d) and 3121 *et seq.* ).

Informant and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, Task Force Officer, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this Affidavit is being submitted for the limited purpose of securing an Order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein, or in the attached exhibits, are not being relied on in reaching my conclusion that the requested Order should be issued, nor do I request that this Court rely on any facts not set forth herein in reviewing this Application.

4. Probable cause exists to believe that the Requested Information will constitute or lead to evidence of violations of Title 21, U.S.C. § 841(a)(1), 843, and 846, as well as the identification of individuals who are engaged in the commission of these violations.

5. For the reasons set out in this Affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by the holder of Target Cell Phone and others unknown. Further, there is probable cause to believe that Target Cell Phone is being used to commit the Target Offenses. The information set forth below is information relayed to me by another law enforcement officer with personal involvement in the investigation described herein.

## BACKGROUND OF THE INVESTIGATION

6. Since approximately January 2011, the Indianapolis FBI Safe Streets Gang Task Force has conducted an investigation into the methamphetamine trafficking activities of Jeffrey WEAVER, Gregory WILKEY, and Boris GEORGIEV.

7. Several reliable confidential informants have advised detectives that Jeffrey WEAVER is presently dealing methamphetamine in the Southern District of Indiana, and has been for some time. The FBI Safe Streets Task Force has developed a credible and reliable source, who has indicated that the Target Cell Phone is currently used by Jeffrey WEAVER to further his drug trafficking activity.

8. The FBI Safe Streets Task Force has developed a credible and reliable source, who has indicated that the Target Cell Phone is currently used by Jeffrey WEAVER to further his drug trafficking activity. In November 2010, members of the Greene County Drug Task Force arrested Bradley E. Crawford in Greene County, Indiana for Dealing in Methamphetamine, Possession of Methamphetamine, Dealing in Sawed of Shotgun, possession of firearm with narcotics, maintaining a common nuisance. Crawford was then interviewed, and he stated that he has received his methamphetamine from a Greg Wilkey. Per Crawford, he had, on multiple occasions in the past, gotten into contact with Wilkey to set up a purchase of methamphetamine. Wilkey would then direct Crawford to a location in Indianapolis, where he would meet with Wilkey to conduct the methamphetamine transaction. Prior to Crawford's arrest and the interview described herein, Crawford, while under law enforcement surveillance, was seen traveling to Indianapolis, and further seen meeting with Wilkey at a storage unit located on the southwest side of Indianapolis. While at the storage unit, a subject who Crawford knows

as Jeffrey WEAVER arrived at the storage unit with the methamphetamine in a plastic container, and gave it to Wilkey. WEAVER then left, and the methamphetamine transaction took place with Crawford and Wilkey.

9. In January 2011, another confidential source provided law enforcement officers with the telephone number of 317-418-0349 (the Target Cell Phone), which the confidential source knows to be used by Jeffrey WEAVER. This confidential source has confirmed that WEAVER continues to supply methamphetamine to individuals in the Indianapolis area. Moreover, a recent analysis of toll records between the Target Cell Phone and Wilkey's cellular phone demonstrate that the two regularly communicate by both text message and phone calls. Pen register data on the Target Cell Phone demonstrates that WEAVER communicates regularly with Wilkey, as well as another known methamphetamine trafficker, Boris GEORGIEV.

10. It is therefore believed that WEAVER is currently utilizing the Target Cell Phone to continue to facilitate the importation and subsequent distribution of controlled substances in the Indianapolis area.

## AUTHORIZATION REQUEST

11. Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the activities described above. The Requested Information is necessary to determine the location of the Target Cell Phone so that law enforcement agents can conduct physical surveillance of the holder of Target Cell Phone in order to ascertain the specifics of the narcotics trafficking believed to be conducted over the Target Cell Phone.

12. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and

18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of FBI to obtain the Requested Information for a period of forty five days.

13. IT IS FURTHER REQUESTED that the Court direct Sprint to assist agents of the FBI by providing all information, facilities and technical assistance needed to ascertain the Requested Information, and further direct Sprint, the service provider for the Target Cell Phone, to initiate a signal to determine the location of the Target Cell Phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user of the Target Cell Phone, for a period of forty five days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

14. IT IS FURTHER REQUESTED that the authorization given be intended to apply not only to the telephone number associated with the Target Cell Phone above, but to any telephones or telephone numbers accessed by or through the same IMSI number, and to any IMSI number subsequently assigned to the instrument bearing the telephone number currently assigned to the Target Cell Phone within the forty five day period.

15. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

16.  IT IS FURTHER REQUESTED that the Affidavit and Application, Court's Order, and Warrant, as it reveals an ongoing investigation, be sealed until further Order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the FBI, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and AT&T as necessary to effectuate the Court's Order.

17.  IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty days after the termination of the monitoring period authorized by the warrant or any extensions thereof.

_____
Aaron Barnum, Task Force Officer
Federal Bureau of Investigation

Sworn to before me this 10th day of March, 2011.

_____
KENNARD P. FOSTER
United States Magistrate Judge
Southern District of Indiana